UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS REED,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. BOIM, individual and official capacity, et al.,<br><br>　　　　　Defendants. | No.  2:13-cv-1811-JAM-EFB P<br><br>ORDER GRANTING IFP AND DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Proposed Findings and Recommendations were previously filed recommending that this action be dismissed due to plaintiff failure to either pay the filing fee or submit a proper application for leave to proceed in forma pauperis.  ECF No. 19.  Thereafter, plaintiff filed a proper application.  Accordingly, the findings and recommendations (ECF No. 19) are vacated and the court will now screen plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

Additionally, plaintiff has also filed a "motion to transfer" this action to San Diego.  ECF No. 18.

For the reasons set forth below, the complaint must be dismissed with leave to amend and the motion to transfer must be denied.

/////

## I. Request to Proceed In Forma Pauperis

Plaintiff's application to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## II. Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plain statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

2

misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### III.     Screening Order

Plaintiff names in the caption of the complaint only defendant M. Boim. ECF No. 14. However, in the body of the complaint he includes allegations as to "S. Cohn," "M. Boim," and "Officer Franklin," all correctional officers at High Desert State Prison, as defendants. *Id.* at 2 & 3. The complaint makes vague and conclusory allegations that "defendants" encouraged their "fellow officers" to tamper with plaintiff's mail and raid his cell prior to court-imposed filing deadlines.

The complaint also makes the following, more specific allegations:

Plaintiff claims that on August 25, 2013, Cohn read six pieces of mail regarding his civil lawsuit. Cohn then left plaintiff's cell and came back with Boim, who said "I'll fuck you up . . . you can't write the IRS . . and if you're in my building I will make your life hell." Boim then told other inmates that an impending raid on their cells was plaintiff's fault.

Plaintiff claims that on August 26, 2013, Cohn read plaintiff's CDCR 22 form regarding library access and searched plaintiff's cell.

Plaintiff claims that on September 17, 2013, Cohn told plaintiff he was moving to a new cell because he was on the "have-not" list. Plaintiff was moved on October 3, 2013.

On October 7, 2013, defendant Franklin allegedly called plaintiff a "faggot," told plaintiff he would die before being moved out of the building, and said "that's what happens when you mess with the wall."

On October 23, 2013, Cohn searched plaintiff's cell. Plaintiff asked that he not search his cell because of his pending civil complaint and Cohn told plaintiff his claim was over. During the cell search, Cohn destroyed plaintiff's art, his television, and his legal property.

Plaintiff purports to bring various First Amendment claims against defendants as well as an Eighth Amendment claim against Franklin. He also seeks to hold defendants liable for having

3

"witnessed and failed to correct" unspecified violations of his rights. In light of the standards set forth below, plaintiff fails to state a claim upon which relief could be granted, and the complaint will therefore be dismissed with leave to amend. To proceed, plaintiff must file an amended complaint

In order to state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Conduct protected by the First Amendment includes communications that are "part of the grievance process." *Brodheim v. Cry*, 584 F.3d 1262, 1271 n.4 (9th Cir. 2009). If plaintiff intends to assert a retaliation claim, he must specifically identify the protected conduct at issue and plead that the allegedly adverse action was taken "because of" that conduct.

Prisoners have a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). However, an isolated incident of mail interference or tampering is usually insufficient to establish a constitutional violation. *Davis v. Goord*, 320 F.3d 346, 351 (2d. Cir. 2003); *see also Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999) (temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights); *Witherow*, 52 F.3d at 266 (9th Cir 1995) (First Amendment not violated where prison's mail regulation related to a legitimate penological interest).

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Prisoners also have a right "to litigate claims challenging their sentences or the conditions of their confinement to conclusion without *active interference* by prison officials." *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011). An inmate alleging a violation of this right must show that he suffered an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996). That is, plaintiff must allege that the deprivation actually injured his litigation efforts, in that the defendant hindered his efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement. *See id.* at 351; *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002).

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). To show a violation of the Eighth Amendment, plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). A mere threat of physical harm is not a constitutional wrong. *See Gaut v Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). Likewise, verbal harassment alone does not violate the Eighth Amendment. *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996).

/////

1    Negligence does not amount to a violation of a federal constitutional or statutory right. *See*
2    *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under
3    the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate
4    health or safety[.]"); *see also id.* at 835 ("[D]eliberate indifference describes a state of mind more
5    blameworthy than negligence.").

6    Plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable
7    legal theory against a proper defendant and sufficient facts in support of that cognizable legal
8    theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must
9    afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).
10   Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set
11   forth the claims and allegations against each defendant.  Any amended complaint must cure the
12   deficiencies identified above and also adhere to the following requirements:

13   Any amended complaint must identify as a defendant only persons who personally
14   participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*
15   *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a
16   constitutional right if he does an act, participates in another's act or omits to perform an act he is
17   legally required to do that causes the alleged deprivation).

18   It must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).
19   Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George*
20   *v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

21   Any amended complaint must be written or typed so that it so that it is complete in itself
22   without reference to any earlier filed complaint.  L.R. 220.  This is because an amended
23   complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
24   earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114
25   F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
26   being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
27   1967)).

28   /////

6

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

### IV. Plaintiff's Motion to Transfer

Plaintiff states that he has been transferred to a prison in San Diego and requests that this action be transferred to the district court that hears cases arising out of San Diego. This action was properly brought in this district because it is where plaintiff's claims arose and where the defendants are alleged to reside. *See* 28 U.S.C. § 1391(b). It would be improper, at this stage in the proceedings, to transfer the action to San Diego solely for the convenience of plaintiff. *See* 28 U.S.C. § 1404(a).

### V. Summary of Order

Accordingly, IT IS HEREBY ORDERED that:

1. The March 6, 2014 findings and recommendations (ECF No. 19) are vacated.

2. Plaintiff's request to proceed in forma pauperis (ECF No. 21) is granted.

3. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in dismissal of this action for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

5. Plaintiff's "motion to transfer" this action to San Diego (ECF No. 18) is denied.

Dated: September 25, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE